**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **TASHIKA MCKNIGHT, LEQUAN ASKEW, PAULINA WARD, and ZAYVION STROZIER** | * | **CIVIL ACTION NO.** |
| | * | **JUDGE:** |
| **VERSUS** | * | **MAGISTRATE JUDGE** |
| **NAVE SHIPPING S.A. and THOME SHIP MANAGEMENT PTE LTD** | * | |

*****************************************************************************

## COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, **TASHIKA MCKNIGHT**, **LEQUAN ASKEW**, **PAULINA WARD**, and **ZAYVION STROZIER**, who with respect file the following Complaint for Damages and appropriate ancillary relief:

## I. PARTIES

1. Plaintiff, **TASHIKA MCKNIGHT**, is a person of the full age of majority, domiciled in the city of New Orleans, Parish of Orleans, State of Louisiana.

2. Plaintiff, **LEQUAN ASKEW**, is a person of the full age of majority, domiciled in the city of Rocky Mount, County of Nash, State of North Carolina.

3. Plaintiff, **PAULINA WARD**, is a person of the full age of majority, domiciled in the city of Spokane, County of Spokane, State of Washington.

4. Plaintiff, **ZAYVION STROZIER**, is a person of the full age of majority, domiciled in the city of Lawrenceville, County of Gwinnett, State of Georgia.

5. Defendant, **NAVE SHIPPING S.A.** ("Nave Shipping"), is a foreign corporation, registered in the country of Liberia, and with its principal place of business in Liberia. According

to publicly available information, Nave Shipping is the registered owner, ship manager, and commercial manager of the M/V ATLANTIC ASPHALT.

6. Defendant, **THOME SHIP MANAGEMENT PTE LTD.** ("Thome"), is a private limited company organized under the laws of the country of Singapore, with its principal place of business, upon information and belief, located in Singapore. According to publicly available information, Thome is the ISM manager of the M/V ATLANTIC ASPHALT responsible for the effective implementation of the "International Safety Management" Code aboard the M/V ATLANTIC ASPHALT;

7. **NAVE SHIPPING S.A.**, engage(s) in the for-profit business of providing tanker services throughout the Mississippi River, Gulf of Mexico, and around the globe.

8. **THOME SHIP MANAGEMENT PTE LTD**, engage(s) in the for-profit business of providing ship management services to the shipping and offshore industries, throughout the Mississippi River, Gulf of Mexico, and around the globe.

## II. JURISDICTION & VENUE

9. This Honorable Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and cost.

10. Venue is proper in this district in accordance with 28 U.S.C. § 1391 (b)(2) because the damages sustained by Plaintiffs occurred within this judicial district.

## III. FACTS & ALLEGATIONS

11. The M/V ATLANTIC ASPHALT is a Marshall Islands flagged tanker ship, built in 2017, bearing IMO No. 9798428, with a gross tonnage of 14485 mt.

12. At all times pertinent hereto, upon information and belief, **NAVE SHIPPING S.A.** was the registered owner, ship manager, and commercial manager of the M/V ATLANTIC ASPHALT and **THOME SHIP MANAGEMENT PTE LTD** ISM manager and/or operator of the M/V ATLANTIC ASPHALT responsible for the effective implementation of the "International Safety Management" Code aboard the M/V ATLANTIC ASPHALT.

13. **NAVE SHIPPING S.A.** and **THOME SHIP MANAGEMENT PTE LTD** (collectively hereinafter referred to as "Defendants") are truly and justly indebted to Plaintiffs herein for any and all damages sustained as a result of a series of events that occurred both along and within the territorial waters of the United States of America, State of Louisiana, on November 13, 2026, which ultimately led to the serious injuries of **TASHIKA MCKNIGHT**, **LEQUAN ASKEW**, **PAULINA WARD**, and **ZAYVION STROZIER**.

14. On November 13, 2026, **TASHIKA MCKNIGHT**, **LEQUAN ASKEW**, **PAULINA WARD**, and **ZAYVION STROZIER** were crew members aboard the M/V AMERICAN HERITAGE, a river boat owned and/or operated by American Cruise Lines, Inc. At all times material herein, the M/V AMERICAN HERITAGE was a vessel located in the Mississippi River, a navigable waterway of the United States of America.

15. On November 13, 2026, the M/V ATLANTIC ASPHALT, a 525 foot asphalt tanker owned Nave Shipping and managed and/or operated by Thome, left port and began traveling up the Mississippi River. At approximately 12:29 PM, the M/V ATLANTIC ASPHALT allided with the M/V AMERICAN HERITAGE, which was docked at the Thalia Street Terminal for disembarkation of passengers, just upriver from the Crescent City Connection Bridge ("the Incident").

16. The allision caused the M/V AMERICAN HERITAGE to capsize and partially sink into the Mississippi River, throwing Plaintiffs, along with multiple other passengers and/or crewmembers of the M/V AMERICAN HERITAGE overboard into the Mississippi River, not knowing if they were going to live or die.

17. As a result of the allision, Plaintiffs, **TASHIKA MCKNIGHT**, **LEQUAN ASKEW**, **PAULINA WARD**, and **ZAYVION STROZIER** suffered significant and life changing injuries to their mind and body.

18. The injuries sustained by Plaintiffs **TASHIKA MCKNIGHT**, **LEQUAN ASKEW**, **PAULINA WARD**, and **ZAYVION STROZIER** were caused by the fault, negligence, carelessness, and omission of duty on the part of Defendants, Nave Shipping and/or Thome, and the unseaworthiness of the asphalt tanker M/V ATLANTIC ASPHAULT; without any fault, negligence, carelessness, and omission of duty on the part of Plaintiffs causing, and/or contributing thereto.

19. The unfortunate events that transpired on November 13, 2026, involving the M/V ATLANTIC ASPHAULT's allision with the M/V AMERICAN HERITAGE resulted in severe and life-changing injuries to **TASHIKA MCKNIGHT**, **LEQUAN ASKEW**, **PAULINA WARD**, and **ZAYVION STROZIER** and such injuries were caused solely and exclusively by the negligence, gross negligence, carelessness and/or fault of Defendants (and potentially other parties not yet identified with responsibility for the operation, condition, crewing, and seaworthiness of the M/V ATLANTIC ASPHALT) in the following non-exclusive particulars, all of which was within the privity and knowledge of Nave Shipping, Thome, and its principals, agents, and/or employees:

a. The M/V ATLANTIC ASPHAULT was unseaworthy;

b. The M/V ATLANTIC ASPHAULT's crew was incompetent and/or improperly trained;

c. Nave Shipping and/or Thome negligently entrusted the M/V ATLANTIC ASPHAULT to a master and crew that it knew was incapable of safely operating the vessel;

d. The crew of the M/V ATLANTIC ASPHAULT and its management and owners were negligent in their operation of the vessel;

e. Nave Shipping and/or Thome failed to operate the M/V ATLANTIC ASPHAULT with reasonable caution;

f. Nave Shipping and/or Thome failed to account for natural forces such as wind and current to make proper and judicious use of proper navigational techniques to safely maneuver the M/V ATLANTIC ASPHAULT;

g. Nave Shipping and/or Thome failed to provide proper and adequate equipment to the captain and his fellow crewmembers to properly perform their duties and/or properly navigate the M/V ATLANTIC ASPHAULT;

h. Nave Shipping and/or Thome failed to maintain the M/V ATLANTIC ASPHAULT and its equipment and/or appurtenances in a safe and reasonable state of repair;

i. Nave Shipping and/or Thome failed to perform adequate safety meetings and analyses to identify and minimize the risk to Plaintiffs and others in case of a steering failure;

j. Nave Shipping and/or Thome failed to assess the conditions of the Mississippi River prior to dispatching the M/V ATLANTIC ASPHAULT from port;

k. Nave Shipping and/or Thome failed to have an emergency plan in the event the captain and/or crew loses control of the vessel;

l. Nave Shipping and/or Thome failed to adopt practices, policies, and procedures designed specifically to prevent the injuries and damages sustained by Plaintiffs;

m. Nave Shipping and/or Thome failed to observe the standard of good and prudent seamanship and to exercise and to exercise reasonable care to avoid the allision and the Incident; and

n. Other negligent acts, omissions, and unseaworthy conditions imputed to Nave Shipping and/or Thome which will be established at the trial of this matter.

20. At all times pertinent hereto, the M/V ATLANTIC ASPHAULT was unseaworthy in one or more of the following respects, to-wit:

a. The vessel and all of its equipment and/or appurtenances were not safe for the performance of the operations in question;

b. The vessel and all of its equipment and/or appurtenances were not reasonably fit for its intended purpose;

c. The vessel and all of its equipment and/or appurtenances were inadequately maintained;

d. The M/V ATLANTIC ASPHAULT's crew was incompetent and/or improperly trained; and

e. Other unseaworthy conditions to be determined at a trial of this action.

21. Plaintiffs' aforementioned damages were proximately caused by the fault of Nave Shipping, Thome, and/or the unseaworthiness of the M/V ATLANTIC ASPHAULT.

22. The M/V ATLANTIC ASPHALT, Nave Shipping and Thome also had a statutory duty to comply with (inter alia) the Inland Navigation Rules (33 C.F.R. 83.01 et seq.). *The Pennsylvania*, 86 U.S. (19 Wall.) 125 (1873). Defendants breached that duty by, among other things, failing to use all available means to avoid the risk of allision and by other acts or omissions which will be shown at trial. These acts or omissions, as well as other violations of statutory safety or navigational rules (to be determined as investigation continues) caused (and presumptively caused pursuant to the Pennsylvania Rule), the M/V ATLANTIC ASPHALT to allide with the M/V AMERICAN HERITAGE and subsequently cause injuries to Plaintiffs.

23. A presumption of fault also arises when a vessel allides with a stationary object. *The Oregon*, 158 U.S. 186 (1895). That presumption is implicated here because the M/V ATLANTIC ASPHALT struck the M/V AMERICAN HERITAGE in her moorings, and in turn injured Plaintiffs who were crew members aboard the M/V AMERICAN HERITAGE at the time of the allision.

24. Under The Louisiana Rule, a presumption of fault also arises when a vessel drifts into an allision with a stationary object. *The Louisiana*, 70 U.S. (3 Wall.) 164 (1866). That presumption is implicated here because the M/V ATLANTIC ASPHALT struck and/or drifted into the M/V AMERICAN HERITAGE in her moorings, and in turn injured Plaintiffs who were crew members aboard the M/V AMERICAN HERITAGE at the time of the allision.

25. Plaintiffs further affirmatively pleads the doctrine of *res ipsa loquitur* in that the incident and injuries and damages would not have occurred in the absence of the negligence of the Defendants.

26. As a result of the foregoing, Nave Shipping, Thome (and potentially other parties not yet identified with responsibility for the operation, condition, crewing and seaworthiness of

the M/V ATLANTIC ASPHALT) are solidarily liable for all damages sustained by Plaintiffs as described herein.

27. As a result of the incident described herein, Plaintiffs, **TASHIKA MCKNIGHT**, **LEQUAN ASKEW**, **PAULINA WARD**, and **ZAYVION STROZIER**, are entitled to recover the following non-exclusive damages:

a. Past and future physical pain and suffering;

b. Past and future mental and emotional pain and suffering;

c. Past and future medical expenses;

d. Fear of impending doom;

e. Punitive damages as available under the General Maritime Law; and

f. Other elements of damages to be shown at the trial of this matter.

28. Plaintiffs hereby request a trial by jury on all issues raised herein.

29. **WHEREFORE**, Plaintiffs, **TASHIKA MCKNIGHT**, **LEQUAN ASKEW**, **PAULINA WARD**, and **ZAYVION STROZIER**, pray that Defendants, **NAVE SHIPPING S.A.** and **THOME SHIP MANAGEMENT PTE LTD**, be served with a certified copy of this Complaint for Damages and be duly cited to appear and answer same; that after all due proceedings are had, that there be judgment rendered in favor of Plaintiffs, and against Defendants for all damages, including, but not limited to, punitive damages available under the General Maritime Law, that are reasonable in the premises together with legal interest and for all costs of these proceedings; and

Finally, Plaintiffs pray for all general and equitable relief to which they may otherwise be entitled.

Dated: November 14, 2026

Respectfully Submitted,

*/s/ Hugh P. Lambert*

Hugh P. Lambert (La. Bar #7933)
J. Christopher Zainey, Jr. (La. Bar #32022)
Jacki L. Smith (La. Bar #34769)
Brian J. Mersman (La. Bar #38624)
Madison Medver (La. Bar #41863)
Lambert, Zainey, Smith, & Soso, APLC
701 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-1750
Facsimile: (504) 529-2931
hlambert@lambertzainey.com
czainey@lambertzainey.com
jsmith@lambertzainey.com
bmersman@lambertzainey.com
mmedver@lambertzainey.com

AND

MILLER THIBODEAUX DYSART
VEITH & PASCHAL, LLC

*/s/ Kerry J. Miller*

Kerry J. Miller (#24562), T.A.
Daniel J. Dysart (#33812)
Monica L. Bergeron (#39124)
Stephanie Wartelle (#40095)
643 Magazine Street, Suite 405
New Orleans, LA 70130
Telephone: (504) 977-9150
Facsimile: (504) 977-9151
kmiller@mtdvp.com
ddysart@mtdvp.com
mbergeron@mtdvp.com
swartelle@mtdvp.com

*Attorneys for Plaintiffs*